IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT THOMAS IRVIN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. 3:14-cv-0360 |
| | ) |
| | )    Judge Sharp |
| TODD J. CAMPBELL, U.S. DISTRICT JUDGE, | ) |
| JOE B. BROWN, U.S. MAGISTRATE JUDGE, | ) |
| ROBERT L. ECHOLS, U.S. DISTRICT JUDGE, | ) |
| UNITED STATES OF AMERICA FEDERAL | ) |
| LEGAL SYSTEM, and THE U.S. DISTRICT | ) |
| COURT MIDDLE DISTRICT OF TENNESSEE | ) |
| NASHVILLE DIVISION, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Robert Thomas Irvin, proceeding *pro se*, has filed a complaint for injunctive relief and damages based on alleged violations of the plaintiff's constitutional rights. The plaintiff names as defendants two federal judges and a federal magistrate judge of this Court, as well as the "United States of America Federal Legal System" and the United States District Court for the Middle District of Tennessee. Because the plaintiff proceeds *in forma pauperis*, his complaint is before the Court for an initial review pursuant to 28 U.S.C. § 1915(e)(2).

**I.   Standard of Review**

Under § 1915(e)(2), the Court must review any complaint filed *in forma pauperis* and dismiss it *sua sponte*, prior to service on the defendants, if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In reviewing the complaint, the Court must construe the *pro se* plaintiff's complaint liberally, *Williams v. Curtin*, 631 F.3d 389, 383 (6th Cir. 2011), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs

dismissals for failure to state a claim under [§ 1915(e)(2)] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). "Accepting all well pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams*, 631 F.3d at 383 (quoting *Iqbal*, 556 U.S. at 681) (alteration in original).

## II.     Factual Allegations and Procedural History

The complaint arises from the plaintiff's dissatisfaction with the outcome in a prior lawsuit he filed in this Court, *Irvin v. Clarksville Gas & Water Department*, Case No. 3:11-cv-0529 (M.D. Tenn.). That action was dismissed on summary judgment on March 21, 2013 after defendant Judge Todd Campbell (then Chief Judge) adopted a Report and Recommendation issued by Magistrate Judge Joe B. Brown, also named as a defendant, recommending that the defendants' motion for summary judgment be granted. The plaintiff insists that (1) the summary judgment entered against him in that case violated his right under the Fourth Amendment to be free from unreasonable searches and seizures (the right he sought to vindicate in that case); (2) entry of judgment without holding oral argument on the defendants' motion violated his rights under the First, Fourth, and Fourteenth Amendments; (3) this Court's and the Sixth Circuit Court of Appeals' refusal to permit him to appeal *in forma pauperis* and the subsequent dismissal of his appeal for failure to pay the filing fee likewise violated his First Amendment right to redress the government; (4) his due process rights have been violated by the dismissal of his lawsuit and appeal; and (5) the dismissal violated his right to equal protection of the laws because it was the result of racism and classism.

The plaintiff also sues retired district judge Robert Echols, alleging that Judge Echols "unjustly ignored" another of the plaintiff's lawsuits, *Irvin v. Clarksville Gas & Water Dep't*, No. 3:06-mc-0053. The Court takes judicial notice that that the plaintiff abandoned his pursuit of that case after Judge Echols denied his application to proceed *in forma pauperis* as insufficiently documented and directed that the plaintiff supplement his financial affidavit. *See Irvin v. Clarksville Gas & Water Dep't*, No. 3:06-mc-0053 (M.D. Tenn. June 30, 2006) (ECF No. 4, order finding application to proceed *in forma pauperis* to be deficient).

In addition to various forms of injunctive and equitable relief, the plaintiff seeks $1 million in

compensatory damages, and $2 million in punitive damages for each year that he has allegedly been denied his civil rights.

III.     Discussion

Although the plaintiff does not identify the basis for this Court's jurisdiction over his claims, the vehicle through which a plaintiff may vindicate violations of his constitutional rights against federal officials acting under color of federal law is an action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The Court therefore construes this action as arising under *Bivens*.

Although *Bivins* authorizes lawsuits against federal employees in their individual capacity for alleged civil-rights violations, it is well settled that federal judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Butz v. Economou*, 438 U.S. 478, 511–13 (1978); *Ireland v. Tunis*, 113 F.3d 1435, 1440 (6th Cir. 1997). "[J]udicial immunity is necessary because 'principled and fearless decision-making" will be compromised if a judge 'fear[s] that unsatisfied litigants may hound him with litigation charging malice or corruption.'" *Vasile v. Dean Witter Reynolds Inc.*, 20 F. Supp. 2d 465, 488–89 (E.D.N.Y. 1998) (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).

Absolute judicial immunity applies to all judges and other persons engaged in a judicial function, which is defined as the "performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights." *Burns v. Reed*, 500 U.S. 478, 500 (1991). The doctrine affords absolute immunity from suits for damages for judicial acts, unless such acts are done in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" (citation omitted)).

Moreover, the fact that the plaintiff seeks injunctive relief in addition to damages does not affect the defendants' entitlement to immunity. In the Sixth Circuit, absolute immunity in a *Bivens* actions against federal judges extends to requests for injunctive and other forms of equitable relief as well as to claims for damages. *Kipen v. Lawson*, 57 F. App'x 691, 691 (6th Cir. 2003); *see also Newsome v. Merz*,

17 F. App'x 343, 345 (6th Cir. 2001) (finding that a plaintiff who sued a magistrate judge whose rulings allegedly favored the opposing parties in the plaintiff's prior lawsuits "had no claim for injunctive relief . . . because he did not demonstrate an inadequate remedy at law or a serious risk of irreparable harm," and also holding that "federal judges are immune from *Bivens* suits for equitable relief"). *Cf. Bolin v. Story*, 225 F.3d 1234, 1240 (11th Cir. 2000) ("[T]he doctrine of absolute judicial immunity serves to protect *federal* judges from injunctive relief as well as money damages."); *Mullis v. United States Bankr. Court for the Dist. of Nev.*, 828 F.2d 1385, 1392–93 (9th Cir. 1987) (noting that to allow injunctive relief against federal judges would be to permit a "horizontal appeal" from one district court to another or even "reverse review" of a ruling of the court of appeals by a district court)).

Here, all of the plaintiff's claims stem from decisions made while the judicial defendants were lawfully presiding over a case properly before them. "There is no evidence proffered, nor plausible claim suggesting, that [any judge] was without jurisdiction to decide the matters or that they acted outside their judicial capacity." *Vasile*, 20 F. Supp. 2d at 489. Accordingly, Judge Campbell, Judge Echols, and Magistrate Judge Brown are all entitled to absolute immunity from suit. The claims against them will be dismissed on that basis.

The Court construes the claims against the "United States of America Federal Legal System" and the United States District Court for the Middle District of Tennessee as claims against the United States. The United States enjoys absolute sovereign immunity from suit except to the extent to which it has waived such immunity. In *Bivens*, the Supreme Court found that the Fourth Amendment constituted a waiver of sovereign immunity in actions against federal officers sued in their individual capacities. *Bivens* has not, however, been expanded to include actions against the United States itself, or against federal agencies, including the federal courts. *See Nuclear Transport & Storage, Inc. v. United States*, 890 F.2d 1348, 1352 (6th Cir. 1989) ("Since the United States has not waived its sovereign immunity and consented expressly to be sued in a *Bivens*-type action, such suits cannot be brought against the United States." (citations omitted)). Accordingly, *Bivens* provides no basis for raising constitutional claims against the United States, the United States District Court, or the "federal legal system."

The plaintiff has not identified any alternative basis for this court to exercise jurisdiction over the United States. However, even if the Court were to construe the claims against the United States as

arising under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, judicial immunity would still apply. *See* 28 U.S.C. § 2674 ("With respect to any claim under this chapter, the United States shall be entitled to assert any defense based upon judicial or legislative immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim, as well as any other defenses to which the United States is entitled."). Accordingly, the claims against the "United States of America Federal Legal System" and the United States District Court for the Middle District of Tennessee, Nashville Division, would be subject to dismissal on the grounds of judicial immunity under the FTCA.

**IV.    Conclusion**

For the reasons set forth herein, the complaint will be dismissed in its entirety. An appropriate order is filed herewith.

Kevin H. Sharp
United States District Judge